UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| TOTAL RESTORATION GROUP, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMONWEALTH OF KENTUCKY, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Case No: 3:24-cv-00007-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Total Restoration Group's Motion to Remand. [R. 3.] Total Restoration Group (TRG) filed this action in Franklin County Circuit Court. [R. 1-1 at 1.] In the Complaint, TRG seeks to recover based on the Defendants alleged violations of the Kentucky Constitution, including the equal protection clause, the due process clause, and the separation of powers clause. *Id.* at 8-12. After the Defendants removed the case to federal court, TRG moved to remand. [R. 1; R. 3.] In TRG's Motion to Remand, they argue that the Complaint does not involve federal law and does not implicate a substantial federal question. Moreover, they request attorney fees and costs incurred because of the removal action. [R. 3-1 at 9.] The Court agrees. Accordingly, the Motion to Remand [R. 3] is **GRANTED**.

**I**

In January 2024, TRG filed this action against the Defendants in Franklin Circuit Court. [R. 1-1.] In the Complaint, TRG alleges that the Defendants violated Section 2 and Section 3 of the Kentucky Constitution. [R. 1-1 at 8-9.] TRG also alleges that the Defendants violated KRS

§ 205.520. *Id.* at 9. Last, TRG alleges violations of Sections 27, 28, and 29 of the Kentucky Constitution. *Id.* at 10. *Id.* at 5-6. In the Complaint, TRG also request injunctive relief. [R.1-1 at 12.] The Franklin County Circuit Court granted this request and entered a Temporary Restraining Order. [R. 1-1 at 17.]

On January 31, 2024, the Defendants filed a Notice of Removal from Franklin Circuit Court to this Court on federal question jurisdiction. [R. 1 at 1.] TRG has now filed a Motion to Remand, asserting that this Court lacks federal question jurisdiction. [R. 3 at 2.] Because this Court agrees with TRG, this matter is remanded.

## II

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)) (internal quotation marks omitted). Pursuant to 28 U.S.C. § 1331, Congress has opened the doors of the federal courts to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a claim is brought in state court over which a federal court would have original jurisdiction on these grounds, the case may be removed to federal court under 28 U.S.C. § 1441, so long as removal is effectuated in accordance with the procedure outlined in § 1446. 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

In making jurisdictional determinations, the Supreme Court has interpreted the phrase "arising under" in § 1331 and § 1338(a) to have the identical meaning such that the Court's

precedents for each may be used interchangeably. *Gunn*, 133 S. Ct. at 1064, (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-809, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). To determine whether a claim "arises under" federal law so as to provide jurisdiction under these statutory provisions, courts employ the "well-pleaded complaint" rule. *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (citing *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003)). Under this rule, "[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 322 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint. Accordingly, if the plaintiff chooses to bring a state law claim, that claim generally cannot be 'recharacterized' as a federal claim for the purpose of removal." *Id.* (citations omitted).

### A

Plaintiff first argues that this Court lacks original jurisdiction under 28 USC § 1331 because the Complaint only presents state law claims. [R. 3-1 at 4.] The Plaintiff contends that "[b]ecause this is a state cause of action that has not been completely preempted by a federal cause of action and Congress has not specifically provided for removal of this cause of action, TRG's claim cannot be characterized as a state law claim arising under federal law." [R. 3-1 at 5.] The Defendants argue that the Plaintiff clearly sues under federal law because the Complaint states that the Cabinet's action was "without rational basis, and constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." [R. 1-1 at 9.] However, the Court finds that the Plaintiff is ultimately not seeking relief under federal law—TRG is only seeking relief under state law.

3

Although the Plaintiff references federal law in their Complaint, this alone is not enough for this Court to assert federal question jurisdiction. *See A.C. v. Friedlander*, No. 5: 23-234-DCR, 2023 U.S. Dist. LEXIS 176861, 2023 WL 6449402, at *6 (E.D. Ky. Oct. 2, 2023) (noting that referencing federal law "does not necessarily invoke federal jurisdiction when the complaint expressly seeks relief under state law"). It is clear from the face of the complaint that the Plaintiff is only seeking relief under Kentucky law. Thus, because there is no federal law implicated in the Complaint, and the Defendants have not provided an adequate basis for their argument that this Court retains jurisdiction, the Court finds that it lacks jurisdiction under 28 USC § 1331.

B

The Plaintiff also requests attorney fees for the removal action pursuant to 28 U.S.C. § 1447(c). [R. 3-1 at 9.] In the Sixth Circuit, such an award is discretionary with the Court and often turns on whether the removal lacked merit. *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). Because this Court has ultimately concluded that it lacks proper jurisdiction, and the Defendants have presented no basis as to why this case was removed to federal court, an award of attorney fees is proper.

III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motion to Remand [**R. 3**] is **GRANTED;**
2. This case is **REMANDED** to the Franklin Circuit Court;
3. The Plaintiff's request for Attorney Fees and Cost **[R. 3]** is **GRANTED**; and
4. The Plaintiff shall submit evidence of their attorney's fees within **fourteen days** of the entry of this Memorandum Opinion and Order. Thereafter, the Defendants shall have

**fourteen days** to file any objections to the Plaintiff's submission..

This the 18th day of April, 2024.

Gregory F. Van Tatenhove
United States District Judge